---

(Hamilton County Common Pleas Court.)
SOPHIA D. CARPENTER, executor of Mercy A. Murch, deceased, v. EUGENE LEWIS, auditor, and TILDEN R. FRENCH, treasurer of Hamilton county.

---

Greenbacks deposited in bank prior to the act of 1894, eliminating their non-taxable-quality, were taxable on a credit belonging to the depositor, unless deposited under instructions to the bank to keep them in separate packages and return to the depositor the identical bills deposited; and with reference to an alleged false return for taxation the depositor can not now plead ignorance that greenbacks deposited in the usual manner and mixed with the funds of the bank were taxable.

---

S. W. Smith, Jr., J.

The plaintiff in her petition alleges that she is the executrix of the will of Mercy A. Murch, duly appointed and qualified; and that she returned a true inventory of the personal property of the said Mercy A. Murch, specifically setting out in her petition certain certificates of deposits of United States legal tender notes, numbering the certificates, and giving the dates thereof and amounts. She also says that said deposits were made upon the dates set forth, in the amounts stated, and were made in legal tender notes of the government of the United States, commonly called greenbacks; but that no moneys or credits of any other kind

were so deposited. And she further alleges that these deposits of legal tender notes were made by way of bailment, and were solely left with the respective banks for safe-keeping. She then alleges that the auditor has placed upon the tax duplicate certain valuations of personal property, which she claims are illegally assessed against her, as executrix, for the years 1891, 1892, 1893, 1894 and 1895, being the amounts of these certificates of deposits; that the tax on these amounts would be $920.67 under the statutes; and that the auditor has also illegally assessed and levied on the tax duplicate certain taxes against her, as executrix, for the year 1896, said tax amounting to $245.52; and also claims that said return by her was in no way false, and that the auditor be enjoined from collecting the amounts claimed as due on the duplicate.

To this petition the defendant has filed an answer, in which, after admitting the formal allegations of the petition, he denies that the deposits so called were made in legal tender notes of the United States, commonly called greenbacks; and denies that no moneys and credits for any other kind were deposited; and denies that at the time of making said deposits the banks in which said deposits were made agreed with said Mercy A. Murch to return to her said amounts of legal tender notes at any time she might make demand therefor and denies that the deposits were made by way of bailment only; and denies that legal tender notes were left with the respective banks for safe-keeping only; and alleges that these certificates of deposits were simply evidences of the indebtedness between the respective banks and Mercy A. Murch.

The real question, therefore, at issue in this case because the evidence shows that Mercy A. Murch, during her life, did collect and receive greenbacks—which the court will determine, is whether or not these certificates of deposits received by her from the various banks after she deposited these greenbacks with the banks are taxable.

If the certificates of deposits are the same as greenbacks, then previous to the statute repealing the non-taxability of greenbacks, why these certificates would not be taxable. But the court feels that the only way to relieve a person from taxation on greenbacks is, that the individual should retain the possession, or at least the ownership of those identical greenbacks; in other words, if Mrs. Murch had retained in her own possession a certain number of greenbacks, then they would be clearly exempt from taxation. If, on the other hand, she deposited with the bank or any individual a certain number of greenbacks, and those identical greenbacks were to be returned to her on her demand, as for instance, to be illustrated and as no doubt is done sometimes, greenbacks deposited with a bank in a separate package by itself and marked by the name of the owner, and upon demand those identical greenbacks in that package are returned to you, then such greenbacks would not be taxable.

Now, greenbacks are the obligation of the United States government, and were exempt from taxation by reason of law. When, therefore, Mrs. Murch deposited with these various banks these greenbacks, and as the testimony shows, and as the certificates themselves show, that they were to be repaid to her in greenbacks or legal tender notes, and the banks mixed or intermingled these greenbacks with their other money and used them in circulation, and upon her surrendering the certificate to the bank she might receive either legal tender notes or currency or gold or silver, or, as she did in one or two instances in this case, a cashier's check, then there did not exist between the bank and Mrs. Murch a contract which would be necessary to exempt these greenbacks from taxation—that is, to return to her the identical, self-same greenbacks which she had deposited with the various banks. That being so, then the certificate of deposit was simply like any other debt from the bank to the creditor, because in its nature it practically was the same as

a cashier's check or any other credit from the bank, to Mrs. Murch, and under the law such a credit would be subject to taxation.

Now, this applies with full force to all the years preceding the act of congress which repealed the non-taxability of greenbacks, and of course after that act was repealed, why, then, the non-taxability being removed, such greenbacks must necessarily be taxable, and it would be the same as any other money.

Coming now to the question as to whether or not there has been any false return by the executrix, and adverting for a moment to that part of the petition which recites that she consulted with the Clerk of the Board of Supervisors, I can hardly pass upon the question as to the falsity of the return under the existing circumstances, or the existing law as it is now, for this reason: While I am inclined to the opinion that this case would come within the decision in the Rattermann case—Rattermann v. Ingalls, 48 Ohio St.,—nevertheless, the non-taxability of these greenbacks having been taken away by congress, then the question of false return does not enter into the case, because under the law they were taxable like any other money or any other credit, and therefore she should have returned the certificates of deposits for taxation.

She might have thought that these certificates of deposits were not taxable, and acted in good faith, and perhaps, in the absence of the repeal of that act, she might escape taxation on the ground that she did not make a false return.   I say perhaps she might, but it is unnecessary for me to consider that because the law does not exist that existed to make greenbacks exempt.   Therefore she can not plead that she did not know that greenbacks were not exempt, because in 1894 all greenbacks, as they are to-day under that law, would be taxable.   There is no evidence, as to Mercy A. Murch, that she made inquiry of anybody; there is no evidence that she exerted herself at all, but simply relied on the fact that this

certificate of deposit was sufficient. The certificate of deposit, being simply a credit, so far as she is concerned, her return would be false—technically speaking, so far as Mercy A. Murch is concerned—and I feel that the judgment should be for the treasurer to collect the amount as claimed in the answer as amended by him.   The court gave leave to the defendant to amend, and ask for a money judgment.   So you can draw a decree in accordance with that.

Coffey & Mallon for the Plaintiff.

Simrall & Galvin and Rendigs, Foraker & Dinsmore, contra.